IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LDK SOLAR CO., LTD. (IN PROVISIONAL LIQUIDATION),[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-12387 (PJW)<br><br>Re: Docket No. 4 |

## ORDER GRANTING PROVISIONAL RELIEF

Upon the Motion[2] of Eleanor Fisher and Tammy Fu of Zolfo Cooper (Cayman) Limited, in their capacities as foreign representatives (in such capacities, the "Foreign Representatives") of LDK Solar CO., Ltd. (in provisional liquidation) ("LDK Parent") for entry of (a) a provisional order (this "Order") providing for interim protection under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code (i) enforcing the Cayman Order in the United States on an interim basis, (ii) applying section 362 of the Bankruptcy Code on an interim basis pursuant to sections 105(a), 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, and (iii) granting such other and further relief as the Court deems just and proper; and (b) a final order, after notice and a hearing (the "Recognition Order"), (i) granting recognition of the Cayman Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and granting related relief; (ii) granting relief as of right upon recognition of the Cayman Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code, (iii) enforcing the Cayman Order (or such further order of the Cayman Court as may then be appropriate) in the United States on a permanent basis, (iv) granting additional relief under section 1521 of the

---

[1] The last four digits of the Cayman Islands registration number of LDK Solar CO., Ltd (in provisional liquidation) are 6736. The mailing address for LDK Solar CO., Ltd. (in provisional liquidation) is: Zolfo Cooper (Cayman) Limited, Attn: Eleanor Fisher & Tammy Fu, as Joint Provisional Liquidators, P.O. Box 1102 GT, 4th Floor, Building 3, Cayman Financial Centre, Grand Cayman KY1-1002, Cayman Islands.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Motion.

01:16158558.1

Bankruptcy Code and (v) granting such further relief as the Court deems just and proper; and upon consideration of the Motion and all pleadings related thereto, including (i) the *Memorandum of Law in Support of (I) Chapter 15 Petition Under Chapter 15; and (II) Motion for (i) Provisional Relief, (ii) Recognition of the Cayman Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding and (III) Certain Related Relief* (the "Memorandum of Law"), (ii) the *Declaration of Tammy Fu in Support of (I) Chapter 15 Petition of LDK Solar CO., Ltd. (In Provisional Liquidation) and (II) Motion of the Foreign Representatives For (A) Provisional Relief, (B) Recognition of the Cayman Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding, and (C) Certain Related Relief* (the "JPL Declaration"), and (iii) the *Declaration of Jonathan Guy Manning in Support of (A) Chapter 15 Petition of LDK Solar CO., Ltd. (In Provisional Liquidation) For Recognition of Foreign Main Proceeding, and (B) Motion For (I) Provisional Relief, (II) Recognition of the Cayman Proceeding as a Foreign Main Proceeding and (III) Certain Related Relief* (the "Manning Declaration"); and the Court finding that (i) the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and (iv) notice of the Motion was due and proper under the circumstances and no further or other notice need be given; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the provisional relief requested in the Motion is in the best interest

of LDK Parent, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

    A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    There is a substantial likelihood that the Foreign Representatives will be able to demonstrate that the Cayman Proceeding is a foreign main proceeding and that the Chapter 15 Case was properly commenced by a properly-appointed foreign representatives.

    C.    The commencement or continuation of any action or proceeding in the United States with respect to LDK Parent or any of LDK Parent's assets or proceeds thereof should be enjoined, pursuant to sections 105(a), 362 and 1519 of the Bankruptcy Code, to permit the fair and efficient administration of the Cayman Proceeding pursuant to the Cayman Order and any other applicable orders of the Cayman Court for the benefit of all stakeholders, and the relief requested either will not cause an undue hardship, or any hardship to parties in interest is outweighed by the benefits of the relief requested in the Motion.

    D.    Unless the automatic stay is applied provisionally in this Chapter 15 Case, there is a material risk that LDK Parent will become unnecessarily prejudiced and/or distracted by proceedings filed against, or continued against, LDK Parent in the United States. Such acts could (i) interfere with and cause harm to the jurisdictional mandate of this Court under chapter

15 of the Bankruptcy Code; (ii) interfere with and cause irreparable harm to LDK Parent's efforts to administer its assets and reorganize pursuant to the Cayman Proceeding; and (iii) undermine the Foreign Representatives' efforts to achieve an equitable result for the benefit of all of LDK Parent's creditors. Accordingly, there is a material risk that LDK Parent may suffer immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order.

        E.      No injury will result to any party that is greater than the harm to LDK Parent's business and ongoing restructuring in the absence of the requested relief.

        F.      The interests of the public will be served by this Court's entry of this Order.

        G.      The Foreign Representatives and LDK Parent are entitled to the full protections and rights available pursuant to sections 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY:**

        ORDERED, that the Motion is granted as set forth herein; and it is further

        ORDERED, that the Cayman Order is hereby enforced on an interim basis, including, without limitation, staying the commencement or continuation of any actions against LDK Parent or its assets, and shall be given full force and effect in the United States until otherwise ordered by this Court; and it is further

        ORDERED, that until the date of, and pending disposition of LDK Parent's petition under section 1515 of the Bankruptcy Code (the "Chapter 15 Petition") and the request for the Recognition Order (the "Recognition Date"), the Foreign Representatives and LDK Parent shall be entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and

this Order shall operate as a stay of any execution against LDK Parent's assets within the territorial jurisdiction of the United States; and it is further

ORDERED, that, until the Recognition Date, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to LDK Parent and the property of LDK Parent within the territorial jurisdiction of the United States in the Chapter 15 Case. Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representatives and their expressly authorized representatives and agents, are hereby enjoined from:

a) securing or executing against any asset or property of LDK Parent or taking any action to undertake the enforcement in the United States of any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award against the JPLs (in their capacities as joint provisional liquidators or foreign representatives of LDK Parent), LDK Parent or its property, whether owned, chartered or leased or the proceeds thereof within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ("Assets");

b) taking any actions to undertake the commencement or continuation of any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against the JPLs (in their capacities as joint provisional liquidators or foreign representatives of LDK Parent), LDK Parent or against any of its Assets that are located in the territorial jurisdiction of the United States, or unless otherwise expressly permitted by the Cayman Order in the Cayman Proceeding;

01:16158558.1

    c) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the JPLs (in their capacities as joint provisional liquidators or foreign representatives of LDK Parent), LDK Parent or LDK Parent's Assets, or unless otherwise expressly permitted by the Cayman Order in the Cayman Proceeding;

    d) seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to the JPLs (in their capacities as joint provisional liquidators or foreign representatives of LDK Parent), LDK Parent or LDK Parent's Assets, or unless otherwise expressly permitted by the Cayman Order in the Cayman Proceeding; and

    e) transferring, relinquishing or disposing of any Assets to any person or entity other than the JPLs (in their capacities as joint provisional liquidators or foreign representatives of LDK Parent);

and it is further

    ORDERED, that notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed; and it is further

    ORDERED, that the Foreign Representatives, in connection with their appointment as the JPLs, are entitled to the protections and rights available pursuant to sections 1519(a)(1) and (a)(3) of the Bankruptcy Code, to the extent such relief is not inconsistent with the Cayman Order; and it is further

ORDERED, that notice of this Court's entry of this Order and the hearing for this Court to consider the Chapter 15 Petition and Motion and entry of the Recognition Order shall be served in accordance with the *Order (I) Specifying the Form and Manner of Service of Notice, (II) Scheduling the Recognition Hearing, (III) Shortening Certain Deadlines Provided Under the Bankruptcy Code and the Bankruptcy Rules and (IV) Granting Related Relief*, dated October 22, 2014 [Docket No. 19 ] (the "Notice Order"). Service of this Order and the proposed Recognition Order in accordance with the Notice Order shall constitute due and sufficient notice of all such documents and any relief of this Court associated therewith; and it is further

ORDERED, that the Recognition Hearing is shall take place **on November 21, 2014 at 4:00 p.m. (ET)** at the United States Bankruptcy Court for the District of Delaware before the Honorable Peter J. Walsh, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801; and it is further

ORDERED, that, notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives shall not be subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct 22, 2014
Wilmington, Delaware

_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE